| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |  8/9/21 |
| United States of America,<br><br>–v–<br><br>Jose Nieves,<br><br>Defendant. | 12-cr-931 (AJN)<br><br>MEMORANDUM OPINION & ORDER |

ALISON J. NATHAN, District Judge:

      In May of 2020, the Court denied Jose Nieves's motion for compassionate release. *United States v. Nieves*, No. 12-cr-931 (AJN), 2020 WL 2476185, at *1 (S.D.N.Y. May 13, 2020). The Court concluded that despite Mr. Nieves's vulnerability to COVID-19, a reduction in his sentence would be inconsistent with the applicable sentencing factors because of his participation in a long-running narcotics conspiracy involving murder. Mr. Nieves now again seeks compassionate release pursuant to 18 U.S.C. § 3582(c), and the Court again finds that the sentencing factors in 18 U.S.C. § 3553(a) weigh against any reduction in his sentence. The Court thus denies his motion.

**I.    Background**

      As the Court described in greater detail in its opinion on Mr. Nieves's first motion for compassionate release, Mr. Nieves pled guilty to one count of conspiracy to distribute narcotics. *Nieves*, 2020 WL 2476185, at *1. His offense conduct was unusually serious. He allocuted that his role in a fatal shooting during his drug trafficking activities amounted to murder. The guidelines range for his offense was thus the statutory maximum of 240 months' imprisonment. Judge Scheindlin, who presided over his case until her retirement, imposed a 192-month

sentence. He is presently incarcerated at FCI Butner with a projected release date in 2026.

The Court denied Mr. Nieves's first motion for compassionate release in the early months of the pandemic. Despite Mr. Nieves's serious underlying health conditions, the Court concluded that the risks of serious illness or death from COVID-19 did not tip the balance of the sentencing factors in favor of release. *Id.* at *2–3. The Court noted that Mr. Nieves's offense was extraordinarily serious and that, as Judge Scheindlin observed at sentencing, Mr. Nieves had never hesitated to use violence in furtherance of his drug trafficking activities.

Mr. Nieves now asks for compassionate release again. In his pro se motion, he states that a number of inmates in his unit tested positive for COVID-19, including himself. The Court neither ordered nor received a response from the Government.

## II. Discussion

The compassionate release statute provides a limited exception to the rule that "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The First Step Act of 2018, 132 Stat. 5194, 5239, authorizes a defendant serving their sentence to move the Court for compassionate release after they have exhausted their administrative remedies or thirty days have lapsed from the receipt of a compassionate release request by the warden. *United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *4

(S.D.N.Y. Apr. 20, 2020). To grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and find that "extraordinary and compelling reasons warrant" a reduction in sentence. Since the Second Circuit's decision in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), courts are no longer bound by the policy statement in § 1B1.13 of the Sentencing Guidelines. However, the Court still looks to § 1B1.13 for guidance in the exercise of its discretion. *See United States v. Rodriguez*, No. 16-cr-07 (AJN), 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020). That policy statement cautions against the release of a defendant who continues to pose a danger to the safety of any other person or to the community.

As the Court has explained, the COVID-19 pandemic presents an extraordinary and unprecedented threat to incarcerated individuals. *See, e.g.*, *United States v. Williams-Bethea*, No. 18-cr-78 (AJN), 2020 WL 2848098, at *4 (S.D.N.Y. June 2, 2020); *Scparta*, 2020 WL 1910481, at *9; *United States v. Stephens*, No. 15-cr-95 (AJN), 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020); *accord United States v. Nkanga*, 450 F. Supp. 3d 491, 492 (S.D.N.Y. 2020) ("The country faces unprecedented challenges from the novel Coronavirus ('COVID-19') pandemic. Those detained in jails and prisons face particularly grave danger."). It has further found that the pandemic may constitute an extraordinary and compelling reason for compassionate release even for inmates like Mr. Nieves who have already recovered from COVID-19. *See Rodriguez*, 2020 WL 7640539, at *4. However, the circumstances of the pandemic weigh less heavily on the balance of the § 3553(a) factors for inmates who have recovered from or been vaccinated against COVID-19 and are thus less likely to be infected again in the future. *Id.*

The Court's evaluation of the § 3553(a) factors remains the same as it did in its opinion

denying Mr. Nieves's first motion for compassionate release. Mr. Nieves spent over a decade involved in narcotics trafficking and has not hesitated to use violence in that endeavor. *Nieves*, 2020 WL 2476185, at *1–2. The Court finds that a further reduction in Mr. Nieves's below-guidelines sentence would not adequately reflect the seriousness of the offense, protect the public, or afford adequate deterrence. The Court is of course cognizant of the special burdens imposed by the pandemic on incarcerated persons, particularly those like Mr. Nieves with significant medical problems. However, after considering the applicable sentencing factors it finds that the sentence Judge Scheindlin imposed remains sufficient but no greater than necessary to effectuate the purposes of punishment. The Court thus declines to exercise its discretion to reduce his sentence.

## III. Conclusion

For the foregoing reasons, the Court DENIES Mr. Nieves's motion for compassionate release (Dkt. No. 77).

SO ORDERED.

Dated: August 9, 2021
New York, New York

ALISON J. NATHAN
United States District Judge